**Jerome Wallace PILARSKI, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23545.**

United States Court of Appeals Fifth Circuit.

Jan. 27, 1967.

Rehearing Denied Feb. 28, 1967.

———◆———

Ronald I. Strauss, Miami, Fla., Court-appointed, for appellant.

Edward A. Kaufman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction under the Dyer Act, 18 U.S.C.A. § 2312. In connection with the trial commencing on February 2, 1966, Pilarski, tried too early to have the benefit of *Miranda* safeguards,[1] pressed strongly *Escobedo* rights.[2] At the pretrial hearing on Pilarski's motion to suppress alleged incriminating evidence obtained by local police officials and an agent of the F.B.I. during interrogation of Pilarski and examination of the interior of the automobile at a Miami filling station, the District Court overruled contentions that such evidence was obtained in derogation of Pilarski's *Escobedo* right to counsel, or by illegal search and seizure. These contentions are now reasserted on this appeal.

Despite the resourceful, diligent effort of court-appointed counsel through extensive briefs and vigorous argument before the Court, we can find no error. Whether on waiver as the Trial Judge found or on the purely investigative nature of the interrogation at a time when there was no known but unsolved crime, cf. Myricks v. United States, 5 Cir., 1967, 370 F.2d 901, he was not denied counsel. As to the search, waiver and consent in-

* Of the Third Circuit, sitting by designation.

1. Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is available only to litigants whose trials began subsequent to the date of that deci-

sion, June 13, 1966. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

2. Escobedo v. State of Illinois, 1964, 378 U.S. 478, 85 S.Ct. 1758, 12 L.Ed.2d 977.

escapably turned on credibility choices the Court was entitled to make. None of Pilarski's other contentions deserve mention.

Affirmed.